# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\*\*\*

FINANCIAL INDEMNITY COMPANY,

            Plaintiff,

vs.

JIN EDWARDS, *et al*.,

            Defendants.

Case No. 2:14–cv–484–MMD–VCF

**ORDER**

This matter involves Financial Indemnity Company's declaratory-relief action in connection with an automobile insurance policy. Before the court is Financial Indemnity Company's *ex parte* motion to extend the time to serve Defendant Jin Edwards (#16[1]). For the reasons stated below, Financial Indemnity Company's motion is granted.

## BACKGROUND

Financial Indemnity Company commenced this action on April 1, 2014 again, *inter alia*, Edward Jin. Under Federal Rule of Civil Procedure 4(m), the 120-day period for Financial Indemnity Company to serve Edward Jin expires on July 20, 2014. To date, Financial Indemnity Company has been unable to locate Jin. Consequently, it hired a private investigator, Ally Investigations. To date, Ally Investigations has also been unable to locate Jin. Because Rule 4(m)'s 120-day deadline is approaching, Financial Indemnity Company filed the instant motion to extend time on July 9, 2014.

## LEGAL STANDARD

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 120–day time period for service

---

[1] Parenthetical citations refer to the court's docket.

contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* FED. R. CIV. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Generally, "good cause" is equated with diligence. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1337. In the Ninth Circuit, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules. *See National Union Fire Ins. Co. v. Monroe*, No. 10–cv–0385, 2011 WL 383807, at *1 (D. Nev. Feb. 2, 2011). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991).

## DISCUSSION

Financial Indemnity Company has satisfied this standard. Anticipating the possibility that Rule 4(m)'s deadline with expire, Financial Indemnity Company timely moved to extend the deadline. Additionally, Financial Indemnity Company has retrained a private investigator to ensure that Edward Jin is eventually located. This constitutes "diligence."

2

However, the court briefly notes that Financial Indemnity Company erred in filing its motion on an *ex parte* basis. Financial Indemnity Company argues that the motion was submitted *ex parte* because Edward Jin has not appeared and, therefore, cannot be served with the motion. This was inappropriate. Other defendants have appeared in this action and are entitled to oppose the instant motion.

A motion should be made on an *ex parte* basis because the movant does not want opposing counsel to be served with the motion, not because the movant cannot serve opposing counsel with the motion. Once Defendants appear, they will be served with the prior filings in the court's docket. However, by filing the instant motion on an *ex parte* basis, Defendants will never be served with this document. *See* Black's Law Dictionary (9th ed. 2009), *ex parte* motion ("[A] motion that a court considers and rules on without hearing from all sides"). This would be inappropriate. Whether service of process is appropriately executed is a matter that affects Defendants' due process rights under the Constitution. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)) (stating that personal jurisdiction over a defendant is conferred by compliance with Rule 4). When Defendants appear, they must be afforded an opportunity to challenge service if they believe that service was not executed in accordance with the Constitution's "traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Financial Indemnity Company's *ex parte* motion to extend the time to serve Defendant Jin Edwards (#16) is GRANTED.

IT IS FURTHER ORDERED that Financial Indemnity Company will SERVE Edward Jin on or before September 28, 2014.

IT IS FURTHER ORDERED that the Clerk will remove the *ex parte* designation on Financial Indemnity Company motion to extend the time (#16).

IT IS SO ORDERED.

DATED this 18th day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE