1

2                          **UNITED STATES DISTRICT COURT**

3                              **DISTRICT OF NEVADA**

4                                       **\*\*\***

5    FINANCIAL INDEMNITY COMPANY,

6                    Plaintiff,                    Case No. 2:14–cv–484–MMD–VCF

7    vs.

     JIN EDWARDS, *et al.*,                        **<u>ORDER</u>**
8
                     Defendant.
9

10         This matter involves Financial Indemnity Services' actions for declaratory relief against Jin

11   Edwards, Chin Edwards, Anthony Spann, and Joseph Corpuz. (*See* Compl. (#1) at 9–10). Before the

12   court is Financial Indemnity Services' motion for leave to serve Jin Edwards through alternative means

13   (#33). The motion is unopposed. For the reasons stated below, Financial Indemnity Services' motion is

14   granted.

15                                   **BACKGROUND**

16
           Jin Edwards is insured by Financial Indemnity Services. On April 26, 2012, Jin allegedly caused
17
     a car accident. (*See* Pl.'s Mot. (#33) at 2:7). As a result, Chin Edwards, Anthony Spann, and Joseph
18
     Corpuz sustained injuries. (*Id*.) On April 1, 2014, Financial Indemnity Services commenced this action.
19
     It seeks declaratory relief to determine whether "a pre-lawsuit settlement agreement . . . should be
20
     enforced." (*Id*. at 2:10–11).
21
           Financial Indemnity Services' deadline to serve Jin Edwards will expire on September 28, 2014.
22
     (*See* Order #22). To date, however, Financial Indemnity Services has been unable to serve Jin Edwards.
23
     It hired a private investigator, Ally Investigations; but no progress has been made. Consequently, on
24
     August 19, 2014, Financial Indemnity Services filed the instant motion for leave to serve Jin Edwards
25

through alternative means. The company seeks to serve Jin Edwards under Nevada Revised Statute 14.070(1), which permits plaintiffs to serve defendants through the Nevada Department of Motor Vehicles.

## LEGAL STANDARD

Rule 4 governs service of the summons and complaint. Rule 4(e) stated that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." In turn, Nevada Revised Statute 14.070(1) provides that a state-court plaintiff may serve a defendant through the Nevada Department of Motor Vehicles "in any action or proceeding . . . growing out of" the use of a motor vehicle that is registered in Nevada.

## DISCUSSION

Financial Indemnity Services' motion is granted for two reasons. First, none of the previously served defendants oppose the motion. Under Local Rule 7-2, this constitutes consent to the granting of the motion. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

Second, Financial Indemnity Services satisfied its burden under Nevada Revised Statute 14.070(1). The statute places an "affirmative obligation to diligently search for the resident motorist defendants to determine whether they have departed the state or cannot be located within the state" before serving the defendant through the Department of Motor Vehicles. *Mendakota Ins. Co. v. Vargas-Antigua*, No. 2:13–cv–00238–RCJ–CWH, 2013 WL 2096415 at *3 (D. Nev. May 14, 2013) (citing *Austin v. C & L Trucking, Inc*., 610 F. Supp. 465 (1985); *Browning v. Dixon*, 114 Nev. 213 (1998)). Financial Indemnity Services met this burden. It retained a private investigator, Ally Investigations, and

has been diligently searching for Jin Edwards since it commenced this action. (*See, e.g.*, Doc. #22) (seeking an extension of time to serve Jin Edwards).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Financial Indemnity Services' motion for leave to serve Jin Edwards through alternative means (#33) is GRANTED.

IT IS SO ORDERED.

DATED this 8th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

3