# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

FINANCIAL INDEMNITY COMPANY,

                Plaintiff,

vs.

JIN EDWARDS, *et al.*,

                Defendants.

Case No. 2:14–cv–484–GMN–VCF

**<u>ORDER</u>**

This matter involves Financial Indemnity Company's declaratory-relief action against Jin Edwards, Chin Edwards, Anthony Spann, and Joseph Corpuz. (Compl. #1[1]); *see also* 28 U.S.C. § 2201 (creating a remedy for declaratory relief). Three motions are before the court: (1) Financial Indemnity Company's Motion to Compel (#35); (2) Defendant Spann's Motion to Stay Discovery (#36); and (3) Defendant Spann's Motion to Vacate Noticed Deposition (#37). For the reasons stated below, the parties' motions are granted in part and denied in part.

## BACKGROUND

Jin Edwards' 2006 Mitsubishi Lancer Evo was insured by Financial Indemnity Services. (Compl. (#1) at ¶ 7). The policy's coverages includes up to $15,000.00 for "each person" and up to $30,000 for "each accident." (*Id*.)

On April 26, 2012, Edwards was driving through an intersection at Jones Boulevard and Harmon Avenue in Las Vegas. (*Id*. at ¶ 8). An accident occurred. Edwards' Mitsubishi collided with Anthony Spann's 2012 Hyundai Veloster. (*Id*.) Spann and Edwards' and Spann's passengers—(Chin Edwards and Joseph Corpuz)—were injured. (*Id*.)

---

[1] Parenthetical citations refer to the court's docket.

On April 27, 2012, Financial Indemnity received a letter from the Morris Anderson Law Office, stating that it represents Spann and Corpuz and will be asserting claims for damages. (*Id*. at ¶ 12). Settlement negotiations began; and on March 14, 2013, Morris Anderson emailed Financial Indemnity, stating that a global settlement "had been achieved." (*Id*. at ¶ 19). Following a series of follow-up communications, Spann and Corpuz allegedly withdrew from the settlement agreement. (*See id*. at ¶ 27). This action for declaratory relief followed.

The parties are now in the midst of discovery. The discovery dispute was initially resolved, for the most part, during a meet and confer. However, Defense Counsel allegedly experienced a "change of heart," which precipitated the motions before the court. (*See* Doc. #35 at 3:12). On September 16, 2014, Financial Indemnity filed the instant motion to compel. The motion asks the court to order Spann and Corpuz to respond to nine requests for admission or deem the requests admitted. (*See* Doc. #35). In response, Spann and Corpuz filed an emergency motion to stay discovery (#36) and an emergency motion to quash their counsel's deposition. (#37). A hearing was held on Thursday, October 30, 2014. Defense Counsel, Eric R. Blank, failed to appear.

## DISCUSSION

The parties' filings present four issues: (1) whether Defendants' improperly objected to Financial Indemnity Company's requests for admissions; (2) whether discovery should be stayed; (3) whether the court should stay Mr. Jones' deposition; and (4) whether Defense Counsel, Eric R. Blank, should be held in contempt for disregarding this court's September 19, 2014 order. Each is addressed below.

## I.    Financial Indemnity Company's Requests for Admissions

The first issue raised by the parties' motions is the sufficiency of Spann and Corpuz's answers to Financial Indemnity's requests for admissions. Financial Indemnity moves to compel nine answers. (*See generally* Mot. to Compel #35). After Financial Indemnity moved to compel—and after Defendants

2

opposed—Defense Counsel served Financial Indemnity with rule compliant responses on all but three admissions. (Mins. Proceedings #46). Accordingly the court only entertained argument on the three remaining disputes: requests for admissions two, four, and fourteen. (*See id*.)

The court begins with the second request for admission. During the court's hearing, the parties stipulated—and the court ordered—that Defendants will amend their response to the second request for admission to state that Defendants lack sufficient knowledge or information to admit or deny.

The court now turns to the fourth request for admission. During the court's hearing, the parties stipulated—and the court ordered—that Financial Indemnity will serve an amended request for admission on Defendants. It will ask Defendants to, first, admit that Defendants received the January 31, 2013 letter, which will be attached as an exhibit to the request, and, second, admit that Defense Counsel communicated the offer of settlement to Defense Counsel's clients. Responses to the request must be served not later than ten days after service.

Finally, the court turns to the fourteenth request for admission. It states: "Admit that at no time prior to the filing of your lawsuit against Chin Edwards that you were ever informed that Plaintiff had offered to resolve the claims of all claimants (yours and the other two injured parties) by way of payment of the entire $15,000/$30,000 policy limit." (Pl.'s Mot. to Compl. (#35) at 8: 23–28). Spann and Corpuz responded, "This request is vague, unintelligible, seeks privileged information and assumes facts not established." (*Id*.)

As discussed during the court's hearing, this request for admission does not seek relevant information because it does not "appear reasonably calculated to lead to the discovery of admissible evidence"—that is, evidence that the parties reached a settlement. Therefore, the court denies Financial Indemnity's motion to compel with regard to this request for admission.

## II.    __Defendants' Motion to Stay Discovery__

Defendants' Motion to Stay Discovery is denied. The court begins by briefly discussing the governing law. The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *TradeBay, LLC v. Ebay, Inc*., 278 F.R.D. 597, 600 (D. Nev. 2011) (citations omitted). In the District of Nevada, a discovery may be imposed when a motion to dismiss is pending if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Id*.

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id*. Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id*. When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id*.

Here, Defendants argue that Financial Indemnity's complaint should be dismissed because it is not ripe for review. The gravamen of this argument is mistaken. Defendants argue that whether a settlement was reached is a "question of fact" in a parallel state-court action and that there is no "case or controversy" in this court. (Def.'s Mot. to Stay (#36) at 8:13). This is incorrect. The United States Congress enacted 28 U.S.C. § 2201 and created a remedy for declaratory relief. It states, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *See also* Fed. R. Civ. P. 57. Therefore, Defendants have not demonstrated a sufficient basis for imposing a discovery stay.

4

However, the court is obligated to make its own inquiry with regard to one area that may warrant a stay: jurisdiction. *See TradeBay, LLC*, 278 F.R.D. at 600. Under Federal Rule of Civil Procedure 12(h)(3), the court "must dismiss the action" if it determines at any time that it lacks jurisdiction. The court's review of the record here indicates that there is a question regarding the amount on controversy. Financial Indemnity's policy limits its exposure to $30,000 per accident. The controversy presented in this action is whether the parties' settled and, if not, whether Financial Indemnity's exposure is greater than $30,000. Relying on various medical expenses, Defendants contend that Financial Indemnity's exposure may approximate $80,000.

Jurisdictional allegations, however, must be "plausible" and not merely possible. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) *cert. denied*, 14-119, 2014 WL 3817554 (U.S. Oct. 14, 2014) (applying *Twombly* and *Iqbal's* heighten-pleading standard to Rule 8(a)(1)). Here, the court's duty to safeguard its limited powers of jurisdiction under Rule 12(h) requires the court to order the parties to conduct jurisdictional discovery on the amount in controversy. Therefore, Defendant Spann's Motion to Stay Discovery is denied pending jurisdictional discovery on the amount in controversy.

### III.   Mr. Jones' Deposition

The third issue raised by the parties' papers is Defendants' Motion to Vacate Noticed Deposition. During the court's hearing Defendants stated that they only request that reasonable limitations be placed on the scope and duration of the deposition. As stipulated by the parties—and ordered by the court—Mr. Jones' deposition must not exceed two hours and must be limited to topics relevant[2] to the March 14 letter and the events leading up to the letter.

---

[2] Relevance is defined by Federal Rule of Civil Procedure 26(b).

**IV.    Mr. Blank is Ordered to Show Cause**

One final issues remains: Mr. Eric R. Blank's failure to comply with this court's order and appear for the court's October 30, 2014, hearing.

A District Court has broad, but not limitless, "authority to impose sanctions under its inherent powers." *Mendez v. Cnty of San Bernardino*, 540 F.3d 1109, 1131 (9th Cir. 2008). A District Court's inherent powers are those that "are necessary to the exercise of all others" powers. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (quoting *United States v. Hudson*, 7 Cranch 32, 34 (1812)). The most common utilization of inherent powers is a contempt sanction levied to "protect[] the due and orderly administration of justice" and "maintain[] the authority and dignity of the court." *Cooke v. United States*, 267 U.S. 517, 539 (1925).

On September 19, 2014, the court set three motions for a hearing on October 30, 2014. (*See* Min. Order #38). According to the court's notice of electronic filing records, the minute order was entered on September 22, 2014 and served on Mr. Blank via electronic mail. (*Id.*) Despite being served with the court's order, Mr. Blank failed to appear at the court's October 30, 2014 hearing.

This is sanctionable. The court recognizes that Mr. Blank did not file or oppose any of the motions before the court. This, however, is irrelevant. Mr. Blank entered his appearance on July 14, 2014. (Doc. #18). His client is still a party to this action. The arguments raised during the hearing affect his client's rights. The order setting this hearing was entered on September 19, 2014. Therefore, Mr. Blank is ordered to show cause why he should not be sanctioned for failing to appear for the October 30, 2014 hearing.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Financial Indemnity Company's Motion to Compel (#35) is GRANTED in part and DENIED in part, as discussed above.

6

IT IS FURTHER ORDERED that Defendant Spann's Motion to Stay Discovery (#36) is DENIED without prejudice.

IT IS FURTHER ORDERED that the parties must conduct jurisdictional discovery on the amount in controversy. Jurisdictional discovery will close on December 31, 2014. Defendants must file a "Supplemental Motion to Stay" regarding the amount in controversy by January 7, 2015. The motion will brief in the ordinary course.

IT IS FURTHER ORDERED that Defendant Spann's Motion to Vacate Noticed Deposition (#37) is DENIED.

IT IS FURTHER ORDERED that, on or before November 12, 2014, Mr. Eric Blank must SHOW CAUSE in writing why he should not be SANCTIONED for failing to appear at the October 30, 2014 hearing.

IT IS FURTHER ORDERED that the Clerk of Court is directed to mail a copy of this order to Mr. Eric Blank's physical address: Law Offices of Eric R. Blank, P.C., 7860 W. Sahara Avenue, Suite 110, Las Vegas, NV 89117.

IT IS SO ORDERED.

DATED this 31th day of October, 2014.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

7