**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FINANCIAL INDEMNITY COMPANY, | |
| Plaintiff, | 2:14-cv-00484-GMN-VCF |
| vs. | |
| JIN EDWARDS, *et al.*, | **ORDER** |
| Defendants. | |

The court ordered Mr. Eric R. Blank to show cause, by November 12, 2014, why he should not be sanctioned for failing to appear for the October 30, 2014. (#47). Eric R. Blank, Esq., counsel for Defendant Chin Edwards filed a response, one day late on November 13, 2014, to the Order to Show Cause for Attorney Eric Blank Not Appearing at the October 30, 2014 hearing. (#48). Mr. Blank has been out of the office for a week and did not realize that the response to the order to show cause was due on November 12, 2014. *Id.* He also states that he had believed his presence was not required at the October 30, 2014 hearing as the Motion to Stay Discovery Pending Court's Decision on Defendant's Motion to Dismiss does not relate to his client, Chin Edwards. *Id.*

A District Court has broad, but not limitless, "authority to impose sanctions under its inherent powers." *Mendez v. Cnty of San Bernardino*, 540 F.3d 1109, 1131 (9th Cir. 2008). A District Court's inherent powers are those that "are necessary to the exercise of all others" powers. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (quoting *United States v. Hudson*, 7 Cranch 32, 34 (1812)). The most common utilization of inherent powers is a contempt sanction levied to "protect[] the due and orderly administration of justice" and "maintain[] the authority and dignity of the court." *Cooke v. United States*, 267 U.S. 517, 539 (1925).

1  Here, the court will not sanction Defendant Edwards and Mr. Blank for missing the October 30,
2  2014 hearing but rather warns Mr. Blank that, as long as he is counsel of record, he must attend all
3  hearings set by this court in this matter unless otherwise ordered.
4  Dated this 17th day of November, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE