**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FINANCIAL INDEMNITY COMPANY, | |
| Plaintiff, | Case No. 2:14-cv-00484-RFB-VCF |
| vs. | **REPORT AND RECOMENDATION** |
| JIN EDWARDS, *et al.*, | |
| Defendants. | |

Before the court is this court's Order for Defendant Spann to appear in court on January 20, 2015, and show cause why dispositive sanctions should not be entered against him. (#66). Because Defendant Spann failed to appear, it is recommended that his Answer be stricken and judgment be entered against him in this matter.

**BACKGROUND**

This matter involves Financial Indemnity Company's declaratory relief action against Jin Edwards, Chin Edwards, Anthony Spann, and Joseph Corpuz. (Compl. #1). On December 24, 2014, this court entered its Order (#62) scheduling a hearing on an Emergency Motion to Withdraw as Counsel for Defendants Anthony Spann and Joseph Corpuz (#59) for 11:00 a.m., January 5, 2015, in courtroom 3D. The Order directed Defendant Anthony Spann to attend the hearing.

At 11:00 on January 5, 2015, the hearing commenced as ordered. Defendant Spann failed to appear. The court entered its Order (#66) that Defendant Anthony Spann must appear at 4:00 PM, January 20, 2015, in courtroom 3D to show cause why dispositive sanctions should not be entered against him in this matter. Defendant Anthony Spann, again, failed to appear.

**DISCUSSION**

Pursuant to Local Rule IA 4-1 and Federal Rule of Civil Procedure 16(f), the court may impose any and all appropriate sanctions for failure to comply with the court's orders after notice and opportunity to be heard. Additionally, Rule 37(b)(2)(A)(iii) and (vi)[1] provide for the sanctions of "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party" for failure to comply with court orders. The court need not always exhaust every sanction short of entering judgment against a party before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this court. See *National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

Defendant has repeatedly failed to follow this court's orders. This is the second time Defendant has failed to appear in court. The most recent order gave clear notice to the Defendant that he was potentially facing a dispositive sanction after his first failure to appear. Entering judgment against the Defendant in this matter is an appropriate sanction.

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that Defendant's Answer be stricken and judgment be entered against Defendant in this matter under Local Rule IA 4-1 and Federal Rule of Civil Procedure 16(f) and 37(b)(2).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1)

---

[1] FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii) sanctions are incorporated by reference into sanctions authorized by FED. R. CIV. P. 16(f).

failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 20th day of January, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE