# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FINANCIAL INDEMNITY COMPANY, *et al*,<br><br>Plantiffs,<br><br>v.<br><br>JIN EDWARDS, *et al*.,<br><br>Defendants. | Case No.: 2:14-cv-00484-RFB-VCF<br><br>**ORDER ACCEPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE CAM FERENBACH** |

Before the Court for consideration is the Report and Recommendation (ECF No. 70) of the Honorable Cam Ferenbach, United States Magistrate Judge, entered January 20, 2015.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

Pursuant to Local Rule IB 3-2(a), objections were due by February 6, 2015. No objections have been filed, and thus the Court is not required to conduct any review of Judge Ferenbach's Report and

Recommendation. Nevertheless, the Court has reviewed the record in this case and concurs with Judge Ferenbach's recommendations that the Answer of Defendant Anthony Spaan should be stricken and a default judgment should be entered against him. Given that case-dispositive sanctions are at issue for Spaan, the Court also deems it appropriate to make certain explicit findings.

Defendant Spaan failed to comply with two orders of the Court. First, the Court ordered Spaan to attend a hearing on January 5, 2015 regarding an Emergency Motion to Withdraw as Counsel for Defendants Spaan and Joseph Corpuz. Order, ECF No. 62. Spaan did not appear at the hearing. Order, ECF No. 66. Second, the Court issued an Order to Show Cause to Spaan to appear on January 20, 2015 to show cause why dispositive sanctions should not be entered against him. Id. Spaan did not appear for the show cause hearing. Minutes of Proceedings, ECF No. 69.

A court must consider five factors before striking a pleading or declaring default. Hester v. Vision Airlines, Inc., 687 F.3d 1162, 1169 (9th Cir. 2012); see also Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (applying the five-part test to any "case-dispositive sanction under Rule 37(b)(2)"). First, it must consider the public's interest in expeditious resolution of litigation. Hester, 687 F.3d at 1169. The Court finds that the public interest would best be served by striking Spaan's answer and entering default judgment against him, as Spaan has not shown a willingness to comply with the Court's orders or to ensure expeditious resolution of this case.

The second factor to consider is the court's need to manage its docket. Id. This factor also weighs in favor of striking Spaan's answer and entering default judgment against him. Spaan's failure to obey the Court's initial order to appear has already led to an Order to Show Cause (ECF No. 66)—an order with which Spaan also did not comply—and a Report and Recommendation (ECF No. 70), both of which required time from the Court that could have been put to use addressing the merits of this case or other cases had Spaan promptly complied. Spaan's conduct has impaired the Court's ability to manage its docket so as to efficiently provide relief to all parties that come before it.

Third, the Court considers the risk of prejudice to the other party. Hester, 687 F.3d at 1169. In determining whether a party has been prejudiced, courts consider whether the actions of the party to be sanctioned impaired the other party's ability to go trial or threaten interference with the decision of the case on the merits. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006) (internal quotation marks omitted). Here, the Court finds that Plaintiff has been prejudiced from Spaan's actions. At least one dispositive motion has been filed in this case, and given that discovery recently concluded, more dispositive motions may be filed. Spaan's failure to comply with orders of the Court or to appear at all threatens to interfere with the Court's ability to properly decide any dispositive motions before it.

The fourth factor is the public policy favoring the disposition of cases on their merits. Hester, 687 F.3d at 1169. This factor "strongly weighs against dismissal. At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." PPA Products Liability Litigation, 460 F.3d at 1228 (citation omitted). While this factor weighs in Spaan's favor, its weight is diminished by the fact that Spaan's failure to comply with Court orders impedes this case from moving toward disposition on the merits.

Fifth, courts consider the availability of less drastic sanctions. Hester, 687 F.3d at 1169. In its Order to Show Cause, the Court notified Spaan of his failure to comply with the Court's order to appear for a hearing regarding the motion to withdraw as counsel. ECF No. 66. The Court also warned Spaan that he "must appear in court and show cause why dispositive sanctions should not be entered against him in this case." Id. Based on Spaan's failure to comply despite the issuance of an Order to Show Cause and an explicit warning that dispositive sanctions may be entered against him, the Court finds that there is no lesser, alternative sanction that would secure Spaan's compliance.

Taken together, the Court finds that these five factors weigh in favor of striking Spaan's answer and entering default judgment against him.

In addition, when imposing default as a sanction, "the sanctioned party's violations must be due to willfulness, bad faith, or fault of the party." Hester, 687 F.3d at 1169 (internal quotation marks omitted). This can be demonstrated through disobedient conduct that is not shown to be outside the litigant's control. Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003). Here, Spaan's conduct was disobedient, as it violated two separate orders of the Court. This conduct has also not been shown to be outside Spaan's control, particularly given that Spaan has participated in this action previously. Thus, the Court finds based on the evidence before it that Spaan's violations were willful or due to his bad faith or fault.

In light of these findings, the Court determines that Judge Ferenbach's recommendations should be adopted.

**ORDER**

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 70) is ACCEPTED and ADOPTED in full.

**IT IS FURTHER ORDERED** that the Answer of Defendant Anthony Spaan (ECF No. 9) is STRICKEN pursuant to Local Rule IA 4-1 and Federal Rule of Civil Procedure 16(f) and 37(b)(2).

**IT IS FURTHER ORDERED** that default judgment is entered against Defendant Anthony Spaan pursuant to Local Rule IA 4-1 and Federal Rule of Civil Procedure 16(f) and 37(b)(2).

**DATED** this 20th day of February, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**